IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

HOSPITAL DISTRICT NO. 1 OF )
CRAWFORD COUNTY, KANSAS, )
d/b/a GIRARD MEDICAL CENTER, )
                                                  )
                    Plaintiff,                    )
                                                  )
          v.                                      )          Case No. 12-2025-JWL
                                                  )
CERNER CORPORATION,                               )
                                                  )
                    Defendant.                    )
                                                  )
_____)

## MEMORANDUM AND ORDER

In this case removed from state court, plaintiff hospital district has brought various state law claims arising out of a contract with defendant for the provision of technology goods and services for plaintiff's hospital. That contract, which was attached to plaintiff's petition, includes an agreement to submit disputes to arbitration. Defendant has now moved the Court for an order dismissing or staying this action and compelling arbitration (Doc. # 4).[1]  For the reasons set forth below, the Court **grants** the motion, stays the action, and orders that the dispute be submitted to arbitration.

Plaintiff does not dispute that the arbitration provision in the parties' contract

_____

[1]At the time it filed its response to the motion, plaintiff also filed an amended complaint. Thus the parties, in their response and reply briefs, have had the opportunity to address the effect of the amended complaint on the arbitration issue. Accordingly, to the extent that the amended complaint technically rendered defendant's motion moot, the Court deems the motion to have been renewed by the parties' subsequent briefs.

would apply to each of its claims and would ordinarily require submission of the parties' entire dispute to arbitration under the Federal Arbitration Act.  *See* 9 U.S.C. § 2.  Instead, in opposing arbitration here, plaintiff argues that the arbitration provision is not enforceable for two reasons.  First, plaintiff argues that, as a hospital district organized pursuant to K.S.A. § 80-2501 *et seq.*, it did not have the power to enter into the contract with defendant for the provision of technology goods and services.  Alternatively, plaintiff argues that, even if it had the power to make such a contract, it did not have the power to agree to an arbitration provision in that contract.

The first issue addressed by the parties is whether these issues should be considered in the first instance by the Court or by the arbitrator.  The Supreme Court has set forth the general rule that "unless the challenge is to the arbitration clause itself, the issue of the contract's validity is considered by the arbitrator in the first instance."  *See Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 445-46 (2006).  Based on that rule, the parties appear to agree that plaintiff's second challenge—the challenge to its power to agree to the arbitration provision specifically—is for the Court to resolve.  Although the general rule would seem to require that plaintiff's challenge to the contract generally be reserved for the arbitrator in the first instance, the Supreme Court stated in *Buckeye* that its general rule for submission of the validity of a contract does not necessarily apply to the issue of a contracting party's mental capacity to enter into the contract.  *See id.* at 444 n.1 (citing *Spahr v. Secco*, 330 F.3d 1266 (10th Cir. 2003)).

Thus, the Court remains bound by the Tenth Circuit's holding in *Spahr* that the

issue of a party's mental capacity to enter into a contract generally, which contract contains an arbitration provision, is one for the Court in the first instance. *See Spahr*, 330 F.3d at 1272-73. In deciding not to follow the Supreme Court's general rule, the Tenth Circuit reasoned that while the issue of fraudulent inducement (the issue before the Supreme Court when it set forth its general rule) may easily be considered separately with respect to the arbitration provision specifically and the contract generally, the same cannot be said for the issue of mental capacity, as such a challenge "can logically be directed only at the entire contract." *See id.* at 1273. This Court concludes that the issue of a hospital district's power to contract, at issue here, is more akin to the issue of mental capacity than to the issue of fraudulent inducement, as a district's power to enter into a contract and its power to agree to a particular term in that contract are necessarily intertwined. Accordingly, the Court will address plaintiff's power to enter into this contract generally, as plaintiff requests.

The Court first considers plaintiff's argument that, despite its claim for breach of contract in this case, which presupposes a valid and enforceable contract with defendant, it actually lacked the power to enter into a contract for technology goods and services.[2] The parties agree that, as a governmental entity created by statute, plaintiff "has only such powers as are conferred by law or as may necessarily be implied to give effect to

---

[2]In its amended complaint, filed with its response to the motion, plaintiff asserted new "quasi-contractual" claims of promissory estoppel and unjust enrichment, but it did not withdraw its claim for breach of contract.

powers specifically granted." *See Wiggins v. Housing Auth. of Kan. City*, 22 Kan. App.

2d 367, 369 (1996) (citing *James v. City of Pittsburg*, 195 Kan. 462, 465 (1965)).

> An attempt by a governmental agency to enter into a contract in violation of its authority will be considered void. In the event a municipal corporation enters into a contract it has no power to make, the contract is ultra vires and unenforceable, and no further inquiry into the contract's validity is necessary. In addition, any reasonable doubt as to the existence of a particular power must be resolved against its existence.

*Id.* at 370 (citations omitted).

Plaintiff argues that the Kansas statutes do not expressly authorize a hospital

district to enter into a contract for technology goods and services. K.S.A. § 80-2511(a),

however, gives a hospital district's board the exclusive control of expenditures, which

plaintiff concedes authorizes its board to spend funds. More specifically, K.S.A. § 80-

2515 provides that a hospital district board "shall have charge of the construction,

erection, purchase and *equipping* of any hospital." (Emphasis added.) Accordingly,

plaintiff had the express authority to procure technology goods and services for the

hospital. Plaintiff's argument that the authority to spend funds does not necessarily

include the authority to enter into contracts—and that plaintiff may resolve any resulting

disputes by relying on quasi-contractual remedies only—is nonsensical in light of the

fact that purchases generally are made pursuant to an *agreement* to purchase goods or

services for a particular price. Moreover, Section 80-2515 specifically refers to

"contracts" in discussing the manner in which a board must exercise its power to

construct and equip a hospital; thus, the Kansas Legislature expressly gave plaintiff the

4

authority to enter into contracts to equip its hospital.  Furthermore, even if that power to contract were not explicit, the Court would conclude that such power is necessarily implied in the power to equip the hospital.  Therefore, the Court concludes that plaintiff did have the power to enter into a contract with defendant for technology goods and services for the benefit of plaintiff's hospital.

Alternatively, plaintiff argues that even if it had the power to enter into this contract, it did not have the power to agree to an arbitration provision in that contract that would affect its right to have disputes decided in the courts.  The Court rejects this argument as well.  The Kansas Legislature has given plaintiff and its board the authority to equip the hospital, subject only to certain other restrictions contained in Section 80-2515, and there is no limitation on the board's ability to agree to an arbitration clause as part of a purchase if it deems it appropriate.  The authority to contract necessarily implies the authority to agree to particular contractual terms (method of payment, for example) that are not specifically addressed in the statutes.

With respect to arbitration specifically, the Kansas Supreme Court has held that state and other governmental agencies "may lawfully enter into valid contracts for compulsory arbitration of contractual disputes unless prohibited by statute."  *See Jackson Trak Group ex rel. Jackson Jordan, Inc. v. Mid States Port Authority*, 242 Kan. 683 (1988) (citing *Evans Elec. Constr. Co. v. University of Kan. Med. Ctr.*, 230 Kan. 298 (1981)); *see also Unified Sch. Dist. #503, Parsons, Kan. v. R.E. Smith Constr. Co.*, 2008 WL 2152198, at *3-4 (D. Kan. May 21, 2008) (Rushfelt, Mag. J.) (citing *Evans* in

holding that a school districct's authority to execute contracts necessarily implies the authority to bargain for necessary terms of the contract, including arbitration provisions). Similarly, courts in other states have held as a general rule that a municipal corporation's power to contract includes the power to submit claims arising out of that contract to arbitration, in the absence of a statutory prohibition.  *See, e.g.*, *City of Atlanta v. Brinderson Corp.*, 799 F.2d 1541, 1543 (11th Cir. 1986) (adopting district court reasoning based on the general rule that a municipal corporation has the power to submit disputes to arbitration, as incident to its power to contract; citing cases); *Southern Constructors, Inc. v. Loudon County Bd. Of Educ.*, 58 S.W.3d 706, 716 & n.12 (Tenn. 2001) (citing authorities supporting the general rule that "the power to arbitrate a contract dispute is fairly implied from the power to contract"); L.A. Bradshaw, Annotation, *Power of Municipal Corporation to Submit to Arbitration*, 20 A.L.R.3d 569, 572 (1968) ("It appears to be well established that in the absence of a statutory prohibition, a town, city, county, or quasi-municipal corporation has the power to submit to arbitration any claim asserted by or against it, whether based on contract or on tort."). The Court notes that the Kansas Legislature has prohibited state agencies from entering into arbitration agreements in other contexts, *see, e.g.*, K.S.A. § 75-3741(b)(4), but it has not done so here.  Finally, plaintiff has not cited any caselaw suggesting that a hospital board or other governmental entity does not have the power to agree to a contractual arbitration provision.

Plaintiff relies solely on the Tenth Circuit's unpublished opinion in *Alderfer v.*

6

*Board of Trustees of Edwards County Hospital and Healthcare Center*, 261 F. App'x 147 (10th Cir. Jan. 25, 2008) (unpub. op.).  In *Alderfer*, the court held that a hospital board's statutory authority to hire an administrator did not include the power to enter into a fixed-term contract for employment as an administrator.  *See id.* at 150-52.  In that case, however, the court relied on Kansas cases that had specifically interpreted the statutory terms "appoint" and "remove" to be subject to the Kansas employment-at-will doctrine; thus, the authority to hire was limited by the statute.  *See id.*  In the present case, the statutory grant of authority to plaintiff to enter into contracts to equip its hospital does not contain or even suggest any similar limitation that would prohibit the inclusion of an arbitration provision.  Thus, the Court follows the Kansas authority that allows governmental entities to agree to contractual arbitration provisions.

Accordingly, the Court rejects plaintiff's argument that it lacked the power either to enter into this contract with defendants or to agree to the arbitration provision. Plaintiff has not offered any other reason why the arbitration clause would not be enforceable in this case with respect to each of plaintiff's claims.  Thus, the Court orders that this matter be stayed and that the parties' dispute be submitted to arbitration in accordance with the terms of the parties' contract.

IT IS THEREFORE ORDERED BY THE COURT THAT defendant's motion to dismiss or stay this action and to compel arbitration (Doc. # 4) is **granted**.  This action is hereby stayed, and the parties are ordered to submit their dispute to arbitration.  The

parties shall submit a status report to the Court upon completion of the arbitration or by March 23, 2013, whichever is earlier.


IT IS SO ORDERED.


Dated this 23rd day of March, 2012, in Kansas City, Kansas.


s/ John W. Lungstrum
John W. Lungstrum
United States District Judge